1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

KEVIN JONES,

       Petitioner,

  v.

JOHN MARSHALL, Warden,

       Respondent.

)
)
)
)
)
)
)
)
)
)
)

No. C 09-6074 MMC (PR)

**ORDER DENYING MOTIONS FOR RECONSIDERATION AND LEAVE TO PROCEED IN FORMA PAUPERIS**

 **(Docket Nos. 7, 8)**

<div style="margin-left:2em; font-style:italic;">United States District Court<br>For the Northern District of California</div>

17
18
19
20
21
22
23
24
25
26
27
28

     Before the Court are petitioner's motion for reconsideration and application for leave to proceed IFP, each filed July 1, 2010. For the reasons set forth below, the motion and application will be denied.

     On December 30, 2009, petitioner, a California prisoner incarcerated at the California Men's Colony in San Luis Obispo and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Together with his petition, petitioner filed an incomplete application to proceed in forma pauperis ("IFP"). That same date, the Court notified petitioner in writing that the action was deficient due to petitioner's failure to pay the requisite filing fee or, instead, to submit a completed court-approved IFP application. Specifically, in said notice, petitioner was advised that he must submit a Certificate of Funds in Prisoner's Account, completed and signed by an authorized officer at the prison, and must attach a copy of his prisoner trust account statement showing transactions for the last six

months.  Petitioner was further advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action. Along with said notice, petitioner was sent a copy of the court-approved, prisoners' IFP application, instructions for completing it, and a return envelope.

On January 15, 2010, petitioner filed a new IFP application, including a Certificate of Funds in Prisoner's Account.  As with petitioner's original IFP application, however, the Certificate of Funds had not been completed and signed by an authorized officer at the prison.  Further, there was no trust account statement attached to the new IFP application, and the trust account statement attached to the original IFP application did not encompass a period of  six months.  Consequently, as more than thirty days had passed since the deficiency notice was sent to petitioner and he had not filed a completed IFP application or paid the filing fee, the Court, by order filed June 15, 2010, dismissed the action without prejudice and entered judgment accordingly.  (Docket Nos. 5, 6.)

By the instant filing, petitioner seeks to have the Court reopen the instant action and rule on his IFP status based on a third IFP application, filed subsequent to dismissal of the case and more than five months after the date his completed IFP application was due.

Petitioner's motion and application are hereby DENIED.  As noted above, the instant action was dismissed without prejudice.  Accordingly, petitioner is not precluded from filing a new action that includes a completed, timely-filed IFP application.

This order terminates Docket Nos. 7 and 8.

IT IS SO ORDERED.

DATED: November 30, 2010

MAXINE M. CHESNEY
United States District Judge

2